WATFORD, Circuit Judge,
concurring in the judgment:
I agree with the majority that the arbitration provision is valid and enforceable, albeit for different reasons. Like the district court, I see no need to address whether the fee-shifting clause is substantively unconscionable because 23andMe has waived its right to enforce that clause—a clause that would have been sev-erable in any event. As for the venue-selection clause, it cannot be deemed substantively unconscionable as to these plaintiffs. Three of the class actions involved in this appeal were filed in the District Court for the Northern District of California, and the plaintiffs in each of the other class actions voluntarily transferred their actions to that court. So, provided the cases can proceed on a class-action basis, it seems obvious that litigating in an arbitral forum in San Francisco will not pose any undue hardship for the plaintiffs. At oral argument, 23andMe conceded that these cases may proceed as class arbitrations (the arbitration provision does not contain a class-action waiver), and the rules of the arbitration provider designated by the parties specifically provide for class arbitration. Finally, the arbitration provision’s carve-out for intellectual property claims is *1032 not so one-sided as to be substantively unconscionable. The plaintiffs have not shown that intellectual property claims represent the claims that 23andMe would be most likely to assert against consumers and that consumers would be least likely to assert against 23andMe.
I would not address the remaining two clauses—the 1-year limitations period and the unilateral modification clause—because the plaintiffs have challenged those two clauses only insofar as they aggravate the supposed substantive unconscionability of the other three clauses.